JOHN W. RANUCCI, ESQ., SBN 184801
jwr@llcllp.com
SHEENA B. PATEL, ESQ. SBN 297008
spatel@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone: (510) 433-2600
Facsimile: (510) 433-2699

Attorneys for Defendants
THE HERTZ CORPORATION, FIREFLY RENT A CAR LLC, DOLLAR THIRFTY AUTOMOTIVE GROUP, INC., and DTG OPERATIONS, INC.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HODGES, as Guardian ad Litem for JARRELL LEWIS and DANIEL LEWIS, minors and sole heirs of NEIL LEWIS, deceased; KAREN JOYCE LEWIS; and ALFREDO LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, RENTAL CAR TRANSPORT, LLC, DOES 1 Through 50, inclusive,<br><br>Defendants. | Case No. 4:17-cv-03785-DMR<br><br>**DEFENDANTS DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. AND DTG OPERATIONS, INC.'S ANSWER TO COMPLAINT**<br><br>Action Filed: June 5, 2017<br>Trial Date: None Set |

Defendants DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. and DTG OPERATIONS, INC.'S ("Defendants" or "Answering Defendants") answer the Complaint for Damages of Plaintiffs TIFFANY HODGES, as Guardian ad Litem for JARRELL LEWIS and DANIEL LEWIS, minors and sole heirs of NEIL LEWIS, deceased; KAREN JOYCE LEWIS; and ALFREDO LEWIS ("Complaint") as follows:

## I. <u>THE PARTIES</u>

1. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one, and on that basis, deny each

and every allegation therein.

2. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two, and on that basis, deny each and every allegation therein.

3. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three, and on that basis, deny each and every allegation therein.

4. Answering Defendants admit that allegations contained in paragraph four.

5. Answering Defendants admit that allegations contained in paragraph five.

6. Answering Defendants admit that allegations contained in paragraph six.

7. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven, and on that basis, deny each and every allegation therein.

8. Answering Defendants admit the allegations contained in paragraph eight.

9. Answering Defendants admit that allegations contained in paragraph nine.

10. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten, and on that basis, deny each and every allegation therein.

11. In answer to paragraph eleven, Answering Defendants deny each and every allegation as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC. AND DOLLAR THIRFTY AUTOMOTIVE GROUP, INC. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations as to DOES 3 to 50.

12. In answer to paragraph twelve, Answering Defendants deny each and every allegation as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC. AND DOLLAR THIRFTY AUTOMOTIVE GROUP, INC. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations as to DOES 3 to 50.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

13. In answer to paragraph thirteen, Answering Defendants deny each and every allegation as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC. AND DOLLAR THIRFTY AUTOMOTIVE GROUP, INC. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations as to DOES 3 to 50.

14. In answer to paragraph fourteen, Answering Defendants deny each and every allegation as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC. AND DOLLAR THIRFTY AUTOMOTIVE GROUP, INC. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations as to DOES 3 to 50.

15. In answer to paragraph fifteen, Answering Defendants deny each and every allegation as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC. AND DOLLAR THIRFTY AUTOMOTIVE GROUP, INC. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations as to DOES 3 to 50.

## II. <u>THE VENUE</u>

16. Answering Defendants admit the allegations contained in paragraph sixteen.

## III. <u>COMMON ALLEGATIONS</u>

17. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventeen, and on that basis, deny each and every allegation therein.

18. Answering Defendants admit the allegations contained in paragraph eighteen as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC. AND DOLLAR THIRFTY AUTOMOTIVE GROUP, INC. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to DOES 3 to 50.

19. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nineteen, and on that basis, deny

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

each and every allegation therein.

20. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty, and on that basis deny each and every allegation therein.

21. Answering Defendants admit that the operative lease for THE HERTZ CORPORATION is attached as Exhibit 2. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth as to each and every other allegation contained in paragraph twenty-one and on that basis deny remaining allegations therein.

22. In answer to paragraph twenty-two, Answering Defendants deny each and every allegation therein.

23. Answering Defendants admit "THE HERTZ CORPORATION decided to outsource labor related to transporting its vehicles from one location to another. The persons who did this work were known colloquially as "hikers". Answering Defendants deny all other allegations in paragraph twenty-three.

24. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four, and on that basis, deny each and every allegation therein.

25. Answering Defendants deny allegations that at all relevant times defendants THE HERTZ CORPORATION, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., retained control over the manner and/or method of the work being performed by RENTAL CAR TRANSPORT, LLC and the right to control the manner and/or method of work included retaining control over employment decisions by RENTAL CAR TRANPORT LLC with regard to hiring "hikers". Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty-five, and on that basis, deny remaining allegations therein.

26. As to paragraph twenty six, Answering Defendants deny each and every allegation therein.

27. As to paragraph twenty seven, Answering Defendants deny each and every

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

allegation therein.

28. Answering Defendants admit the allegations contained in paragraph twenty-eight.

29. Answering Defendants admit the allegations contained in paragraph twenty-nine.

30. Answering Defendants deny allegations that at all relevant times defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC. AND DOLLAR THIRFTY AUTOMOTIVE GROUP, INC. each of them knew of reasonably should have knowns that Rodney Williams was not fit to be employed because of his violent and dangerous disposition and his misuse of motor vehicles. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirty, and on that basis, deny remaining allegations therein.

31. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one, on that basis, deny each and every allegation therein.

32. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two, on that basis, deny each and every allegation therein.

33. As to paragraph thirty-three, Answering Defendants deny each and every allegation therein as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

34. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four, on that basis, deny each and every allegation therein.

35. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five, on that basis, deny each and every allegation therein.

36. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-six, on that basis, deny each and every allegation therein

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

37. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven, on that basis, deny each and every allegation therein

38. Answering Defendants admit the allegations contained in paragraph thirty-eight.

39. As to paragraph thirty-nine, Answering Defendants deny each and every allegation therein.

40. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty, on that basis, deny each and every allegation therein.

41. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one, on that basis, deny each and every allegation therein.

42. As to paragraph forty-two, Answering Defendants deny each and every allegation therein as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

43. As to paragraph forty-three, Answering Defendants deny each and every allegation therein as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

44. As to paragraph forty-four, Answering Defendants deny each and every allegation therein as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

45. As to paragraph forty-five, Answering Defendants deny each and every allegation therein as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

46. As to paragraph forty-six, Answering Defendants deny each and every allegation therein as to defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

//

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

## IV. FIRST CAUSE OF ACTION FOR WRONGFUL DEATH BASED ON NEGLIGENCE (on behalf of all Plaintiffs)

47. With respect to the allegations in paragraph 47 of Plaintiffs' Complaint, incorporating by reference all other paragraphs in the Complaint, Answering Defendants also incorporate all prior corresponding admissions and denials.

48. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-eight, on that basis, deny each and every allegation therein.

49. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-nine, on that basis, deny each and every allegation therein.

50. As to paragraph fifty, Answering Defendants deny allegations that defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. were negligent. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph fifty, on that basis, deny remaining allegations therein.

51. As to paragraph fifty-one, Answering Defendants deny allegations that defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. were negligent. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph fifty, on that basis, deny remaining allegations therein.

## V. SECOND CAUSE OF ACTION FOR SURVIVAL DAMAGES BASED ON NEGLIGENCE (on behalf of Tiffany Hodges as Guardian ad Litem for Daniel Lewis and Jarrell Lewis)

52. With respect to the allegations in paragraph 52 of Plaintiffs' Complaint, incorporating by reference all other paragraphs in the Complaint, Answering Defendants also incorporate all prior corresponding admissions and denials.

53. Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph fifty-three, on that basis, deny each and every allegation therein.

54. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-four, on that basis, deny each and every allegation therein.

55. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-five, on that basis, deny each and every allegation therein.

56. As to paragraph fifty-six, Answering Defendants deny allegations that defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. were negligent. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph fifty-six, on that basis, deny remaining allegations therein.

57. As to paragraph fifty-seven, Answering Defendants deny allegations that defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, DTG OPERATIONS, INC., and DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. were negligent. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph fifty-seven, on that basis, deny remaining allegations therein.

## DEMAND FOR JURY TRIAL

58. Answering Defendants also demand a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

59. As a first affirmative defense to each cause of action alleged in the Complaint, Answering Defendants allege that said Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action.

60. As a second affirmative defense to each cause of action in the Complaint, Answering Defendants allege Plaintiffs' decedent was negligent in some percentage compared to that of defendants, and said negligence contributed proximately to Plaintiffs' injuries or damages.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

61. As a third affirmative defense to each cause of action in the Complaint, Answering Defendants allege That co-defendants, Plaintiffs' decedent and others were guilty of negligence or other legal fault in some percentage compared to that of defendants and said negligence or other legal fault contributed proximately to Plaintiffs' injuries or damages.

62. As a forth affirmative defense to each cause of action in the Complaint, Answering Defendants allege and are informed and believe, and thereon allege, that the incidents alleged in the Complaint and the resulting damages, if any, sustained by Plaintiffs were proximately caused and/or contributed to by the negligence or strict liability of other parties, named or unnamed, and if it is found that these Defendants were negligent herein, then any recovery as against these Answering Defendants should be reduced by the amount of negligence or strict liability of said other parties.

63. As a fifth affirmative defense to each cause of action in the Complaint, Answering Defendants allege at all times here relevant, Plaintiffs failed to mitigate their injuries and damages.

64. As a sixth affirmative defense to each cause of action in the Complaint, Answering Defendants allege that this pleading and each alleged cause of action thereof is barred in whole or in part by the applicable statute of limitations in Code of Civil Procedure §§ 335 through 343, including but not limited to, Code of Civil Procedure § 335.1.

65. As a seventh affirmative defense to each cause of action in the Complaint, Answering Defendants allege that they owed no duty to Plaintiffs as a matter of law because Plaintiffs' decedent was employed by an independent contractor. Answering Defendants also owe no duty to Plaintiffs because Plaintiffs' decedent's injuries, if any, were caused by a condition or danger, if any, which was or should have been obvious to him. Furthermore, Answering Defendants owed no duty to protect Plaintiffs' decedent from the third-party criminal conduct of Rodney Williams.

66. As an eighth affirmative defense to each cause of action the Complaint, Answering Defendants allege that in the event liability is found against Answering Defendants, which liability is expressly denied, that said liability, if any, for non-economic damages shall be several

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

only and shall not be joint and that said Defendants shall be liable only for the amount of non-economic damages allocated to said Defendants in direct proportion to said Defendants' percentage of fault.

67. As a ninth affirmative defense to each cause of action in the Complaint, Answering Defendants allege that they are not vicariously liable for any of the acts or omissions alleged in Plaintiffs' complaint under the case of *Privette* v. *Superior Court*, (1993) 5 Cal.4th 689 and its progeny.

68. As a tenth affirmative defense to each cause of action in the Complaint, Answering Defendants allege that Plaintiffs' decedent, with full knowledge of all attendant risks, voluntarily assumed the risk of any injuries sustained.

69. As an eleventh affirmative defense to each cause of action in the Complaint, Answering Defendants allege said complaint does not state facts sufficient to constitute a cause of action for punitive damages against these Answering Defendants.

70. As a twelfth affirmative defense to each cause of action in the Complaint, Answering Defendants allege said Complaint fails to state facts sufficient to constitute a cause of action for attorney's fees.

71. As a thirteenth affirmative defense to each cause of action in the Complaint, Answering Defendants allege Plaintiffs' decedent was guilty of conduct causing the alleged damages such that Plaintiffs' claims are barred under the doctrine of unclean hands.

72. As a fourteenth affirmative defense to each cause of action in the Complaint, Answering Defendants allege that the injuries and damages of which Plaintiffs complain were proximately caused, or contributed to by the acts of Plaintiffs' decedent, other defendants, persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiffs complains, thus barring Plaintiffs' recovery.

73. As a fifteenth affirmative defense to each cause of action in the Complaint, Answering Defendants allege that to the extent Plaintiffs allege that Plaintiffs' decedent was an agent or an employee of these Answering Defendants, such claims are barred by the doctrine of injury by fellow servant.

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

74. As a sixteenth affirmative defense to each cause of action in the Complaint, Answering Defendants allege that Plaintiffs' injuries, if any, are barred by the exclusive remedy of Worker's Compensation.

Answering Defendants reserve the right to allege additional affirmative defenses as they become known during discovery and to amend its Answer accordingly.

**PRAYER**

WHEREFORE, Answering Defendants pray for judgment as follows:

1. In favor of Answering Defendants DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. and DTG OPERATIONS, INC. on all causes of action in the Complaint;

2. For Answering Defendants' costs of suit incurred herein, including attorney's fees;

3. For such other relief as the Court deems just and proper.

Dated: March 26, 2018

LOMBARDI, LOPER & CONANT, LLP

By: *\/s/ John W. Ranucci*

JOHN W. RANUCCI
SHEENA B. PATEL
Attorneys for Defendants
DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. and DTG OPERATIONS, INC.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

CERTIFICATE OF SERVICE
***Tiffany Hodges et al. v. The Hertz Corporation, et al.***
U.S. District Court, Northern District of California Case No. 4:17-cv-03785-DMR

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 1999 Harrison Street, Suite 2600, Oakland, CA 94612. On March 26, 2018, I served the within:

**DEFENDANTS DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. AND DTG OPERATIONS, INC.'S ANSWER TO COMPLAINT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Joseph P. Brent, Esq.<br>David L. Fiol, Esq.<br>BRENT FIOL & PRATT, LLP<br>1000 Fourth Street, Ste. 750<br>San Rafael, CA 94901 | 415-839-8370 Phone<br>415-373-4420 Fax<br>jbrent@bfplawyers.com<br>dfiol@bfplawyers.com<br><br>*Attorneys for Plaintiffs TIFFANY HODGES, Guardian ad Litem and Trustee for DANIEL LEWIS and JARELL LEWIS; KAREN JOYCE LEWIS; and ALFREDO LEWIS* |

☐ By United States Mail: I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ By Fax Transmission: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ By Overnight Delivery: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ By Personal Service: I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

☐ By Messenger Service: I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ By E-Mail or Electronic Transmission: Based on a court order or an agreement of the parties to accept service by email or electronic transmission (CM/ECF Electronic Filing), I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(*STATE*)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ ***(FEDERAL)*** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on March 26, 2018, at Oakland, California.

*/s/ Alexine Braun*

ALEXINE BRAUN

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541