JOHN W. RANUCCI, ESQ., SBN 184801
jwr@llcllp.com
SHEENA B. PATEL, ESQ., SBN 297008
spatel@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone: (510) 433-2600
Facsimile: (510) 433-2699

Attorneys for Defendants
THE HERTZ CORPORATION,
FIREFLY RENT A CAR LLC,
DOLLAR THRIFTY AUTOMOTIVE
GROUP, INC., and DTG
OPERATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HODGES, as Guardian ad Litem for JARRELL LEWIS and DANIEL LEWIS, minors and sole heirs of NEIL LEWIS, deceased; KAREN JOYCE LEWIS; and ALFREDO LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, FIREFLY RENT A CAR, LLC, RENTAL CAR TRANSPORT, LLC, DOES 1 Through 50, inclusive,<br><br>Defendants. | Case No. 4:17-cv-03785-DMR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE DECLARATION ADDRESSING DEFENDANTS' OBJECTIONS TO EVIDENCE AND TO CURE EVIDENTARY DEFICIENCIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**<br><br>Action Filed: June 5, 2017<br>Trial Date: December 3, 2018 |

Defendants THE HERTZ CORPORATION, FIREFLY RENT A CAR LLC, DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., and DTG OPERATIONS, INC. ("Defendants") respectfully submit this Opposition to Plaintiffs' Administrative Motion for Leave to File Declaration Addressing Defendants' Objections to Evidence and to Cure Evidentiary Deficiencies in Opposition to Defendants' Motion for Summary Judgment or Summary Adjudication ("Motion for Leave").

## I. ARGUMENT

### A. The Motion is Untimely

As Plaintiffs concede in their Motion for Leave, Local Rule 7-3(d) clearly states that "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval" (Motion for Leave 3:2-4). Plaintiffs filed the Motion for Leave on September 6, 2018, two weeks after they filed their Opposition to the Motion for Summary Judgment (August 23, 2018) and one week after Defendants filed their Reply to the Motion for Summary Judgment (August 30, 2018). Therefore, Plaintiffs had two weeks to seek leave to cure the deficiencies in the Declaration of Joseph Brent. Instead, Plaintiffs' waited until not only they received Defendants' Reply but approximately a week later to seek leave from the Court. Plaintiffs had the opportunity to not only file a proper declaration when filing their opposition but instead they waited two weeks to file their Motion for Leave. Therefore, the Motion for Leave is untimely and should not be granted.

### B. Defendants Objections are Proper

Plaintiffs allege that Defendants objections are improper for a Motion for Summary Judgment. Defendants' objections are premised on the fact that Plaintiff has failed to authenticate many of the documents and in turn many of the documents are hearsay. All documents referred to in a declaration must be properly authenticated, and their attachment to a declaration does not automatically make them admissible evidence. *Orr v. Bank of America, NT* & SA, 285 F3d 764, 777 (9th Cir. 2002); see also *Hoffman v. Applicators Sales & Service, Inc*., 439 F3d 9, 15 (1st Cir. 2006). Further, they are also inadmissible hearsay and since they are also not authenticated, there is no basis to evaluate whether any exceptions to the rule against hearsay apply. "[H]earsay evidence in Rule 56 affidavits is entitled to no weight" *Scosche Indus., Inc. v. Visor Gear Inc*., 121 F.3d 675, 681 (Fed. Cir. 1997) (internal quotations and brackets omitted).

Plaintiffs cite *In Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1248 (9th Circ. 2006) in their Motion for Leave, stating that the Federal Rules of Civil Procedure must be construed consistent with the overarching principal that cases should be decided on their merits and not on "technicalities". (Motion for Leave 2: 7-10).

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  However in *Allen*, the appeals are from judgments of dismissal entered in a multidistrict litigation proceeding for failure to comply with case management orders. The orders were entered with the agreement of all sides that they were necessary to move hundreds of cases and thousands of plaintiffs toward resolution on the merits. The district court found that many plaintiffs inexcusably failed to do what was required, and dismissed their actions. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006). Here, the fact that Plaintiffs filed to provide a declaration compliant with the Federal Rules is not just a "technicality".

Plaintiffs go on to state that hearsay and lack of authentication are typically not appropriate for summary judgment motion. (Motion for Leave 2: 17-22). However, the Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, states that Rule 56(e), by its terms, places on the nonmoving party the burden of coming forward with rebuttal affidavits, or other specified kinds of materials, only in response to a motion for summary judgment "made and supported as provided in this rule.". *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Moreover, the hearsay rule and its exceptions apply to the contents of declarations on a motion for summary judgment. For a declaration to meet summary judgment standards, the declarant must show that if sworn as a witness he or she can testify competently to the evidentiary facts contained in the declaration. *L&B Real Estate v. Sup.Ct.* (Schwab) (1998) 67 Cal. 4th 1342, 1348; *Pajaro Valley Water Mgmt. Agency v. McGrath* (2005) 128 Cal. 4th 1093, 1107.

Plaintiffs' further argue that the Mr. Williams criminal records (Exhibit 17) are admissible because they were included in his appellate court file and not sealed or otherwise shielded from the public. Plaintiffs go on to state that these records were open to the public and available to any persons who sought copies. (Declaration of Joseph Brent in Support of Motion for Leave ("Brent Dec.") 7: 12-19). However, Plaintiffs ignore the fact that case law establishes that "in general,

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  juvenile court records are confidential" in California. *City of Eureka v. Superior Court*, 1
2  Cal.App.5th 755, 761 (2016). Welfare and Institutions Code section 827 enumerates a list of
3  persons who could inspect a juvenile record without a court order, and the situation present here
4  is not identified. Cal. Welf. & Inst. Code., § 827(a)(4). Plaintiffs further do not address the
5  protective order that states the records only be used in the Rodney Williams murder case" and the
6  records were to be destroyed or returned to the juvenile court upon conclusion of the criminal
7  case.

8  Furthermore, as to Plaintiff's expert reports (Evidence No. 12, 32, and 36), in addition to
9  the objections made in Defendants' objections to evidence in their Reply, Defendants reassert that
10 Plaintiffs experts rely on evidence that would be impermissible and in violation of FRCP 56(c)(4)
11 and they did not evaluate the matter with consideration of the San Francisco Fair Chance
12 Ordinance. Therefore, such reports should not be considered when ruling on the Motion for
13 Summary Judgment.

14 Lastly, Plaintiffs have attempted to provide the Court with fifteen (15) new pieces of
15 evidence in order to cure all the defects within the Declaration of Joseph Brent and authenticate
16 Plaintiffs' evidence in support of their Opposition to the Motion for Summary Judgment,
17 including but not limited to, the complete Declaration of Sam El Gord (Supp. Exhibit 2), the
18 Declaration of Patrick Domin, Custodian of Records for SFPD (Supp. Exhibit 8), the e-mail from
19 Patrick Domin re: SFPD homicide reports (Supp. Exhibit 9), and court reporters certifications for
20 the depositions of Leslie Smith, Melvin Boyd, Kenya Bishop and Michael Lewis (Supp. Exhibits
21 10-13) and an Amended Declaration of Lloyd Rae and his full report (Supp. Exhibit 14). As
22 mentioned, this evidence is untimely and no new evidence should be considered following
23 Plaintiffs' Opposition to the Motion for Summary Judgment.

24 **II.   CONCLUSION**

25 Defendants respectfully request that the Court deny Plaintiffs' Administrative Motion for
26 Leave to File Declaration Addressing Defendants' Objections to Evidence and to Cure
27 Evidentiary Deficiencies in Opposition to Defendants' Motion for Summary Judgment or
28 Summary Adjudication based on the fact that the motion is untimely and Defendants objections

1  are proper.

2

3  Dated:  September 10, 2018          LOMBARDI, LOPER & CONANT, LLP

4
                                                */s/ John W. Ranucci*
5                                       By:_____
                                                JOHN W. RANUCCI
6                                               Attorney for Defendants

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

00925-46162 SPATEL 689890.1                      5
DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE DECLARATION

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

# CERTIFICATE OF SERVICE
*Tiffany Hodges et al. v. The Hertz Corporation, et al.*
U.S. District Court, Northern District of California Case No. 4:17-cv-03785-DMR

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 1999 Harrison Street, Suite 2600, Oakland, CA 94612. On September 10, 2018, I served the within:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE DECLARATION ADDRESSING DEFENDANTS' OBJECTIONS TO EVIDENCE AND TO CURE EVIDENTARY DEFICIENCIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Joseph P. Brent, Esq.<br>David L. Fiol, Esq.<br>BRENT FIOL & PRATT, LLP<br>1000 Fourth Street, Ste. 750<br>San Rafael, CA 94901 | 415-839-8370 Phone<br>415-373-4420 Fax<br>jbrent@bfplawyers.com<br>dfiol@bfplawyers.com<br><br>*Attorneys for Plaintiffs TIFFANY HODGES, Guardian ad Litem and Trustee for DANIEL LEWIS and JARELL LEWIS; KAREN JOYCE LEWIS; and ALFREDO LEWIS* |

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being

served with the receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission (CM/ECF Electronic Filing), I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (*STATE*)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (*FEDERAL*)  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on September 10, 2018, at Oakland, California.

*/s/ Alexine Braun*
ALEXINE BRAUN